# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **FOSTER W. ALEXANDER,** | ) | Civil Action No. 7:19-cv-00076 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CORRECTION OFFICER BLACKMAN,** | ) | By: Norman K. Moon |
| Defendant. | ) | Senior United States District Judge |

Foster W. Alexander, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. In it, he names a single defendant, Correction Officer Blackman. Alexander's claims arise from an incident on October 9, 2018, in which he alleges that Blackman would not transport him for his scheduled dental appointment because Alexander refused to remove his thermal top when Blackman ordered him to do so.

Pending before me is Blackman's motion to dismiss (Dkt. No. 21), to which Alexander has responded (Dkt. No. 24). Alexander also has submitted his dental records (Dkt. No. 27), which I have considered. For the reasons set forth below, I will grant the motion to dismiss.

## I. BACKGROUND

Alexander's complaint alleges that on October 9, 2018, he was scheduled for a dental appointment for a "dental issue." (Compl. 7, Dkt. No. 1.) He also makes a general reference to the fact that a "dental examination every six months will help detect tooth and gum problem[s]." (Compl. 7.) In his attached grievances, Alexander elaborates that he had two cavities that were to be treated at his appointment. (Dkt. No. 1-1, at 1.)

Alexander alleges that, while preparing a group of prisoners for transport, defendant Blackman made a "personal decision" to tell Alexander and the others to remove their state-issued thermal tops. When Alexander refused, Blackman would not transport him to his

appointment. (Compl. 4.) Apparently, Blackman believed that the thermal tops were not state-issued, when in fact they were. Alexander claims that, as a result of Blackman's actions, he was "not allowed to have [his] dental issue addressed by" a dental hygienist at his scheduled appointment on that day. (Compl. 4.) Alexander provides documents showing that, as a result of the grievance process, Blackman was later told that he was wrong. That is, Blackman was advised that the thermals were approved state-issued attire and that offenders were permitted to wear thermal underwear in the fall and winter, including when being transported to outside dental appointments. (Compl. 6; *see also* Dkt. No. 1-1 at 8 (finding Alexander's grievance "founded").)

Alexander states that he had been having "pain and suffering" for five months before the appointment and that he had continued "pain and suffering" afterward due to Blackman's actions. He does not provide any additional detail on the nature of his pain. Alexander claims that Blackman's conduct violated his Eighth and Fourteenth Amendment Rights and constituted "cruel and unusual punishment." (Compl. 4.) He seeks $600,000 for his pain and suffering.

In opposing the motion to dismiss, Alexander adds additional detail to his complaint and also has submitted his dental records (Dkt. No. 27). Generally, allegations that do not appear in the complaint cannot be considered as part of the complaint on a motion to dismiss. *See S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy.") However, even if I were to construe Alexander's opposition and dental records as being part of his complaint, he still fails to state a constitutional claim against Blackman.

2

## II. ANALYSIS

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the complaint's legal and factual sufficiency. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–63 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). To withstand a Rule 12(b)(6) motion, a pleading must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302. *Pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

### B. Eighth Amendment

"It is beyond debate that a prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." *Gordon v. Schilling*, 937 F.3d 348, 356 (4th Cir. 2019). To demonstrate deliberate indifference, an inmate must show that (1) he has a medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" and (2) the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* at 356–57; *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). The first component is an objective inquiry and the second is subjective. *Heyer v. U.S. Bureau of Prisons*, 849 F.3d 202, 209–10 (4th Cir. 2017).

Blackman contends that the complaint fails to state a claim for which relief can be granted, and I agree. First of all, it is not entirely clear that Alexander has adequately alleged a serious medical need or condition. Blackman argues that the complaint is not even clear whether the dentist appointment was simply for preventative care, but Alexander states in the documents attached to his complaint that the appointment was to fill two cavities. (Dkt. No. 1-1 at 1.) The Fourth Circuit has agreed with the Second Circuit that "a 'tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction,' and 'presents a serious medical need.'" *Formica v. Aylor*, 739 F. App'x 745, 756 (4th Cir. 2018) (quoting *Harrison v. Barkley*, 219 F.3d 132, 137 (2d Cir. 2000)).

Here, Alexander's cavities were not left untreated indefinitely.[1] His opposition to the motion to dismiss (and related exhibits) state that he was seen by a dentist on December 18, 2018, approximately two months after Blackman refused to transport him. According to Alexander, he had cavities filled that day. (Opp'n to Mot. Dismiss 7, Dkt. No. 24.) Thus, it appears that Blackman's conduct resulted in a two-month delay of Alexander's treatment, and not the denial of treatment altogether.

The Fourth Circuit has explained the standard to be applied where treatment has been delayed, as opposed to denied:

> Where a deliberate indifference claim is predicated on a delay
> in medical care, we have ruled that there is no Eighth Amendment

---

[1] As noted, Alexander has submitted additional information and allegations about subsequent events in his opposition and in his dental records, docketed as "additional evidence." (Dkt. No. 27.) Those records indicate that, when he was evaluated in December 2017, a dentist had indicated that Alexander was a "Class 2" of four possible classes. The description for Class 1 inmates is "Minor/No Treatment Necessary," Class 2 means "Moderate Treatment Necessary," Class 3 means "Extensive Treatment Necessary," and Class 4 means "Emergency Treatment Necessary." (Dkt. No. 24-1 at 1.) The records also indicate that Alexander had no complaints at that time. The records do not specifically state that any October appointment was to fill cavities, although apparently cavities were filled when Alexander went to the dentist two months later, in December 2018.

4

> violation unless "the delay *results* in some substantial harm to the
> patient," such as a "marked" exacerbation of the prisoner's medical
> condition or "frequent complaints of severe pain." *See Webb v.
> Hamidullah*, 281 F. App'x 159, 166-67 (4th Cir. 2008) (emphasis
> added); *see also Sharpe v. S.C. Dep't of Corr.*, 621 F. App'x 732,
> 734 (4th Cir. 2015) ("A delay in treatment may constitute
> deliberate indifference if the delay exacerbated the injury or
> unnecessarily prolonged an inmate's pain." (internal quotation
> marks omitted)). Notably, as unpublished opinions, our *Webb* and
> *Sharpe* decisions do not constitute binding precedent. They are
> consistent, however, with the precedent of other courts of appeals.

*Formica*, 739 F. App'x at 755 (citations omitted).

Alexander's complaint makes some allegations of continued pain, but he does not allege facts sufficient to conclude that the two-month delay in treatment resulted in some "substantial harm" to him or "frequent complaints of severe pain." *Cf. id.* In light of this, it is unclear whether he has plausibly alleged an objectively serious medical need for Eighth Amendment purposes.[2]

Even assuming he could establish the first prong of an Eighth Amendment claim, though, Alexander has not alleged facts sufficient to establish the second, subjective inquiry. To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of an objectively serious medical need and disregarded that need. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997).

Alexander's complaint does not allege facts to show that Blackman knew he had a serious medical need. From the allegations in the complaint, at most, Blackman knew that Alexander was going to be seen by an outside dentist. Plaintiff does not allege any facts in his

---

[2] Alexander's opposition offers his opinion that he has since lost teeth and he claims that is attributable to the delay caused by Blackman. He offers no medical opinion that the two-month delay in filling those cavities resulted in the loss of teeth, or even that those teeth are the same teeth for which cavities were ordered.

5

complaint to show that Blackman had knowledge of any specific dental problem that Alexander had, or that Alexander was in any pain. In his opposition, Alexander includes a conclusory statement that Blackman "was fully aware of [his] tooth pain," (Dkt. No. 24 at 5), but he does not allege facts to show how Blackman would have known that Alexander had cavities or was in pain. For example, he nowhere alleges that he told Blackman that he was in pain, that he and Blackman ever had a conversation about his teeth or any pain, or that Blackman could have known, merely from observing Alexander, that he was experiencing tooth-related pain.

In any event, even if Blackman had some general knowledge of Alexander's pain, the allegations do not support a plausible claim that Blackman's refusal to transport Alexander was the result of deliberate indifference. The complaint and attached grievances make plain that Blackman believed that prisoners could not wear thermals while being transported, because he thought that they were not "state-issued attire." It turns out Blackman was incorrect about that, which is why Alexander's grievance on the matter was determined to be "founded." But that is the type of mere negligence that does not rise to the level of a constitutional violation, *see Estelle*, 429 U.S. at 106. To qualify as deliberate indifference, the prison official's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer*, 511 U.S. at 837. The conduct alleged here simply does not satisfy that standard.[3]

---

[3] It is also worth noting that Blackman did not simply refuse to take Alexander to his dental appointment; he refused only because Alexander failed to remove his top as ordered. Indeed, Alexander admits that the other offenders present all complied with that directive and were transported. (Opp'n to Mot. Dismiss 9, Dkt. No. 24.) Alexander should not have been required to remove his thermal top, but had he done so, he would have been transported. Thus, at least some of the responsibility for not being taken to his appointment that day lies with him and his decision to refuse to remove his thermal top.

6

Because Alexander has not alleged facts to support a finding of deliberate indifference by Blackman, I will dismiss the Eighth Amendment claim.

**C. Equal Protection Claim**

Alexander's complaint also appears to assert an equal protection claim under the Fourteenth Amendment. To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated" and then "that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir.2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir.2001)). Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to" the challenged treatment. *See Van Der Linde Housing, Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293 (4th Cir. 2007). Alexander does not allege, and cannot demonstrate, that in all respects relevant to being denied transport by Blackman, he is similarly situated to other prisoners.

First of all, Alexander has admitted that he was initially treated similarly to the other inmates being transported that day—Blackman asked all of them to remove their thermal tops and all of them complied except Alexander. (Opp'n to Mot. Dismiss 9.) Thus, Alexander was the only inmate who refused and the only inmate that Blackman refused to transport. At that point, he and the other inmates were not similarly situated because Alexander was the only one who had insisted on wearing his thermal top.

For like reason, Alexander's allegations in his grievance documents that other prisoners on other days were permitted to be transported while wearing their thermals do not give rise to an equal protection violation. (*See* Dkt. No. 1-1 at 5–6.) According to Alexander's allegations, Blackman mistakenly believed—at the time he transported Alexander—that prisoners could not

7

wear thermals on transport. Blackman was later advised he was incorrect. Alexander has not alleged that *Blackman himself*, at any point between the time Alexander he was denied transport and Blackman's mistaken impression was corrected, permitted other prisoners to be transported wearing their thermals. Prisoners transported by another officer were not similarly situated.

Viewed differently, if other officers allowed offenders to wear thermals, the difference in treatment was the result of Blackman's mistake, not intentional conduct, as required to state an equal protection violation. *See Veney*, 293 F.3d at 730. Accordingly, not only has Alexander failed to identify any similarly situated person treated differently, but any differential treatment that did occurred was not intentional so as to satisfy that element of an equal protection claim.

For these reasons, Alexander's Fourteenth Amendment equal protection claim will be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss will be granted, and Alexander's complaint will be dismissed. An appropriate order will be entered.

**ENTER**: This 14th day of February, 2020.

*/s/ Norman K. Moon*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

8